**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

JOHN FAYARD MOVING and
WAREHOUSING, LLC                                                                                           PLAINTIFF

V.                                                           CIVIL ACTION NO.: 1:24-cv-00369-TBM-RPM

NOLAN TRANSPORTATION
GROUP, LLC, BEVEN STREET
FILM STUDIOS, LLC,
JOHN DOES 1-10 & PORT CARGO
SERVICE, LLC                                                                                              DEFENDANTS

**AMENDED COMPLAINT[1]**
**JURY TRIAL DEMANDED**

COMES NOW, Plaintiff, John Fayard Moving & Warehousing, LLC (hereinafter "JFMW"), by and through its undersigned counsel of record, the Dummer Law Group, PLLC, files this its *Amended Complaint* against the Defendants, Nolan Transportation Group, LLC, Port Cargo Service, LLC, and Beven Street Film Studios, LLC and would show unto this honorable court the following, to-wit:

**I.   PARTIES**

1. Plaintiff, John Fayard Moving & Warehousing, LLC, (hereinafter "JFMW") is a Mississippi Limited Liability Company, and may be served with process through its counsel of record, the Dummer Law Group, PLLC, 796 Howard Ave. 1st Floor, Biloxi, MS 39530.

2. Defendant, Nolan Transportation Group, LLC, (hereinafter "Nolan") is a Foreign-Mississippi Limited Liability Company Organized in the State of Delaware and may be served with process at C.T. Corporation System, 645 Lakeland East Drive Suite 101, Flowood MS 39232, or wherever it may be found as a matter of law.

---

[1] This Amended Complaint is being filed as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure to correct the names of potential Defendants.

1

3.     Defendant, Beven Street Film Studios, LLC, (hereinafter "Beven Street") is a Louisiana Limited Liability Company organized in the State of Louisiana and may be served process through its Registered Agent, Kevin Kelly, located at 2324 Severn Avenue, Suite 100, Metairie, LA 70001.

4.     Defendant John Does 1-10 are any other parties which may be discovered and determined to be necessary parties pursuant to the Federal Rules of Civil Procedure.

5.     Defendant, Port Cargo Service, LLC, (hereinafter "Port Cargo") is a Louisiana Limited Liability Company organized in the State of Louisiana and may be served process through its Registered Agent, Kevin Kelly, located at 2324 Severn Avenue, Suite 100, Metairie, LA 7000.

## II.     JURISDICTION AND VENUE

6.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and the value in controversy, exclusive of interest and costs, exceeds $75,000.00. The amount in controversy is satisfied because the Plaintiff seeks damages arising from the Defendants' negligence in the amount of $186,550.11. Thus, the amount in controversy for the subject loss exceeds $75,000.00.

## III.     FACTS

7.     On or about March 22, 2023, a seller, Trafigura Trading, LLC, sold Copper Wire Rod-Almalyk (hereinafter "Copper Wire") to a buyer, Service Wire Company in Culloden, located in West Virginia.

8.     Trafigura Trading engaged the transport services of Access World USA, LLC, (hereinafter "Access World"), a federally licensed freight broker, to transport the Copper Wire

that was stored at Defendants, Port Cargo Service's and/or Beven Street Film Studios' warehouse[2], located in Louisiana, to the buyer in West Virginia.

9. Access World then brokered the shipment of Copper Wire to Beemac Logistics (hereinafter "Beemac"), also a federally licensed freight broker, to haul and transport the Copper Wire to West Virginia, in eleven (11) separate semi-trucks (the payload was valued at approximately $186,550.11 per truck).

10. Beemac then brokered the shipment of Copper Wire to Silkroad Tranz, Inc., (hereinafter "Silkroad"), a federally licensed motor carrier located in Philadelphia Pennsylvania.

11. Beemac, by and through Silkroad, dispatched (9) of the eleven (11) transports picking up the Copper Wire from Port Cargo and/or Beven Street for transport to West Virginia, without incident.

12. Needing two (2) additional transports, on May 19, 2023, either Beemac or Silkroad engaged third-party carriers to pick up the two remaining loads of Copper Wire, however, for unknown reasons, the drivers from that carrier did not pick up the Copper Wire.

13. Subsequently, Silkroad, purportedly working by and through Defendant, Nolan, posted the two (2) remaining loads of Copper Wire on a Load Search Board (Powerdat.com) soliciting the transport of Copper Wire from Louisiana to California (not West Virginia).

14. An agent/dispatcher of JFMW responded to Nolan's Copper Wire transport Load Search Board post as he had done with Nolan many times before without incident.[3] The transport

---

[2] Under information and belief, Beven Street Film Studios, LLC is the record title owner for the 6040 Beven Street property address. Kevin Kelly owns both Port Cargo Service and Beven Street Film Studios, LLC, at this Complaint's infancy, it is unclear which Kevin Kelly owned business is the proper Defendant for this litigation.
[3] The second remaining load of Copper Wire was subsequently re-brokered to Magic Freight, Inc., wherein the Copper Wire was also re-diverted to California.

rate confirmation sheet and contract information appeared legitimate in all respects, based on prior work done with Nolan.

15. JFMW, pursuant to Nolan's transport post, dispatched its driver to Port Cargo and/or Beven Street's warehouse to pick up the load of Copper Wire. After loading the truck, JFMW's driver received the initial transport paperwork (bill of lading) generated by Access World.

16. Upon receiving the Bill of Lading, JFMW's driver noticed that the load destination was scheduled for West Virginia, and not Ontario, California, as originally booked through JFMW's Dispatcher.

17. JFMW's driver notified an agent of Defendant, Port Cargo and/or Beven Street, that the Bill of Lading reflected a different delivery address than what was originally booked. The Port Cargo and/or Beven Street agent advised JFMW's driver that there were two (2) separate loads of Copper Wire, one going to California and one going to West Virginia, and that the driver should follow Nolan's brokered post and deliver the Copper Wire to California.

18. Based on the representation of Port Cargo/Beven Street's agent, JFMW transported a load of Copper Wire to Ontario California.

19. Upon arrival, the California Port acknowledged the load was correctly delivered and they were expecting it.[4]

20. The buyer, Service Wire Company, however, never received the two (2) remaining loads of Copper Wire.

21. Upon submission of the trip ticket to Nolan, Fayard was never compensated for transporting the load of Copper Wire and incurred damages in amounts to be shown at trial.

---

[4] Based on information and belief, the Magic Freight, Inc., driver picked up the final load of Copper Wire from Port Cargo/Beven Street and was also instructed to modify the destination to California and not West Virginia.

22.     Access World filed a police report with the Jefferson Parish Sherriff's Office to report the Copper Wire valued at approximately $373,100.22 had likely been stolen from the California Port.

23.     A police report was also filed in Ontario California where the Copper Wire was delivered. The local authorities signaled that they were already aware of the particular port in question, and were actively investigating other stolen goods from that port.

24.     Trafigura Trading, LLC, sent a demand to Access World and in turn Access World sent its notice of claim to Beemac. Access World subsequently filed its lawsuit against Beemac for damages from the lost loads.

25.     Beemac, thereafter, sought to join JFMW as a third-party Defendant if JFMW did not immediately satisfy the Claim.

26.     JFMW's insurance carrier was put on notice and investigated the matter. The carrier determined that an employee/agent of Nolan, posted the Copper Wire load on the Load Boarding Website, with the wrong delivery destination. However, owing to exclusions in the policy, JFMW's insurance carrier denied coverage for the loss and refused to defend and/or indemnify JFMW in the Access World/Beemac Litigation in Pennsylvania.

27.     Due to Nolan and Port Cargo and/or Beven Street's negligence, and/or negligent misrepresentation JFMW was forced to pay Access World and Beemac in the amount of One Hundred and Thirty Nine Thousand Five Hundred Dollars and No Cents ($139,500.00) as a negotiated settlement to avoid the cost and expenses of the lawsuit in a foreign jurisdiction.

28.     The Defendants' negligent acts and/or omissions is in violation of Mississippi and Federal law and as a result, the Plaintiff has been damaged in amounts to be shown at trial.

COUNT I – NEGLIGENCE AS TO NOLAN TRANSPORTATION GROUP

29. Plaintiff hereby incorporates any and all previous facts and allegations as if set forth fully herein.

30. Defendant Nolan, owed a duty of care to Plaintiff, JFMW, to properly represent the true and accurate destination of a delivery when brokering a transport and to ensure that only Nolan authorized agents use Nolan's brokering account(s) to post transports on Powerdat.com.

31. On March 22, 2023, Defendant, Nolan posted two (2) loads of Copper Wire available for transport on Powerdat.com with a delivery address in Ontario California.

32. Unbeknownst to JFMW, the Copper Wire was supposed to be delivered to West Virginia.

33. Nolan negligently misrepresented the load on Powerdat.com and/or negligently permitted someone to use its likeness/credentials to post loads on Powerdat.com, and/or negligently failed to review/police the postings on Powerdat.com as it relates to transports posted by Nolan Transport Group.

34. After Nolan represented two (2) transports of Copper Wire from Louisiana to California on Powerdat.com, JFMW reasonably relied on Nolan's representation and accepted one (1) of the two loads.

35. On May 19, 2023, JFMW dispatched a driver to Defendants, Port Cargo/Beven Street's warehouse, to load the Copper Wire for transport to Ontario California, per Nolan's Powerdat.com posting.

36. JFMW delivered the Copper Wire to the Ontario California destination where it was later discovered that the Ontario California delivery address was incorrect resulting in the loss of the Copper Wire.

37. Defendant, Nolan, has a duty to ensure that transport loads are properly and accurately posted on Powerdat.com with correct delivery information, and with the proper authority.

38. Nolan negligently breached its duty to ensure transport loads are true and accurate and that only Nolan authorized agents are permitted to post transport loads.

39. As a result of Nolan's negligence, JFMW incurred damages in amounts to be shown at trial.

COUNT II – NEGLIGENT MISREPRESENTATION AS TO PORT CARGO SERVICE, LLC AND/OR BEVEN STREET FILM STUDIOS, LLC

40. Plaintiff hereby incorporates any and all previous facts and allegations as if set forth fully herein.

41. Defendant, Port Cargo/Beven Street, owed a duty of care to Plaintiff, JFMW, to properly represent the true and accurate destination of a delivery of goods held in its care.

42. On March 22, 2023, Defendant, Nolan, posted two (2) loads of Copper Wire available for transport on Powerdat.com with the purported delivery address as Ontario California.

43. JFMW accepted one (1) of the two loads of Copper Wire posted by Nolan, with the delivery address of Ontario California.

44. On May 19, 2023, JFMW dispatched a driver to Defendant, Port Cargo/Beven Street's warehouse, to load the Copper Wire for transport to Ontario California.

45. An agent of Port Cargo and/or Beven Street, negligently misrepresented that the Bill of Lading with the delivery address of West Virginia was incorrect, and that JFMW should transport the Copper Wire to Ontario California.

46. JFMW, relying on Port Cargo and/or Beven Street's agent, delivered the Copper Wire to Ontario California, where it was later discovered that the Ontario California delivery address was incorrect, resulting in the loss of the Copper Wire.

47. Defendant, Port Cargo Service and/or Beven Street Film Studios has a duty to provide accurate shipping information and documentation to JFMW about the load itself and its destination.

48. Port Cargo and/or Beven Street Film Studios negligently breached its duty and misrepresented the details of the transportation of the Copper Wire.

49. As a result of Port Cargo and/or Beven Streets' negligent misrepresentation of the transport, JFMW incurred damages in amounts to be shown at trial.

## DAMAGES

Plaintiff, John Fayard Moving and Warehousing, LLC, prays for a judgment against Defendants, Nolan Transportation Group, LLC, Port Cargo Service, LLC, and Beven Street Film Studios, LLC, as follows:

a. Payment of all monetary damages, including actual damages, incidental damages and consequential damages that Plaintiff incurred as a result of Defendant, Nolan Transportation Group, LLC's, negligent acts and/or omissions related to Nolan's posting of incorrect transportation details, and/or allowing unauthorized persons to post transport loads using Nolan's credentials; and

b. Payment of all monetary damages, including actual damages, incidental damages and consequential damages that Plaintiff incurred as a result of Defendant, Port Cargo Service, LLC's, and/or Beven Street Film Studios, LLC's, negligent misrepresentation of the transportation details related to the transport of Copper Wire; and

c. Reimbursement for all costs, expenses, and fees Plaintiff paid mitigating the damages claimed by Access World and Beemac; and

d. An award all court costs and fees, including reasonable attorneys' fees for having to bring this action.

RESPECTFULLY SUBMITTED, this the 18th day of December 2024.

          JOHN FAYARD MOVING &
          WAREHOUSING, LLC
          Plaintiff,

          */s/ Case T. Mayer*_____
          Stephen W. Dummer, MSB 102341
          Case T. Mayer, MSB 106671

DUMMER LAW GROUP, PLLC
Stephen W. Dummer, MSB 102341
Case T. Mayer, MSB 106671
796 Howard Avenue – First Floor
Biloxi, MS 39530
Telephone: (228) 392-2003
sdummer@dlg-pllc.com
cmayer@dlg-pllc.com